IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **ADAM HENRY STEDHAM,** )<br><br>     Plaintiff,     )<br><br>v.     )<br><br>**BRANDON L. HEBNER a/k/a** )<br>**BRANDON HEBNER;** )<br>**HEBNER CUSTOM TRUCKS INC,** )<br>an Alabama corporation; )<br>**and HEBNER DRIVEN** )<br>**PERFORMANCE, LLC,** )<br>an Alabama limited liability )<br>company, )<br>     )<br>     Defendants.     ) | Civil Action No.    1:26-cv-303<br><br><br>JURY TRIAL<br>DEMANDED |

**COMPLAINT**

**I.  NATURE OF THE ACTION**

1.     Plaintiff Adam Henry Stedham brings this action to recover **$325,000.00** he contributed for a 50% interest in a general partnership with Defendant Brandon L. Hebner, to obtain an accounting of partnership and related funds, and to enforce his rights under Alabama partnership and commercial law.

2.     Stedham and Hebner agreed to form a 50/50 general partnership—Hebner Custom Trucks—under the Alabama Partnership Act. Stedham performed by wiring $75,000.00 on March 5, 2024, and $250,000.00 on May 3, 2024. The day before the first wire, Hebner caused the formation of Hebner Custom Trucks Inc without Stedham's consent and listed Stedham as an incorporator without authorization. Months earlier, Hebner had formed Hebner Driven Performance, LLC. Stedham's capital was deposited into accounts under payee names controlled by Hebner, including "Hebner Custom Truck" and "Hebner Driven Performance," rather than a

jointly controlled partnership account. Hebner has not accounted for the funds, has not delivered the promised 50% interest, and has excluded Stedham from the business.

3. On May 5, 2026, Stedham served a Notice of Dissociation under Ala. Code § 10A-8A-6.02 and demanded an accounting and buyout or dissolution. Defendants have not complied. Stedham seeks damages, an accounting, related equitable remedies including a constructive trust over identifiable funds and proceeds, and statutory partnership relief. He demands a jury trial on all issues so triable.

## II.  PARTIES

4. Plaintiff **Adam Henry Stedham** is a natural person and a citizen of **Florida**. At times relevant to this Complaint, he resided at 10714 Ruffino Court, Trinity, Florida 34655, and at 1532 Ancroft Court, Trinity, Florida 34655.

5. Defendant **Brandon L. Hebner**, also known as Brandon Hebner ("Hebner"), is a natural person. Upon information and belief, he is a citizen of **Mississippi**, residing at 18177 US 98, Lucedale, Mississippi 39452, and maintains a place of business at 7760 Highland Avenue, Mobile, Alabama 36608. Hebner is not a citizen of Florida. In the alternative, if he is domiciled in Alabama, he remains completely diverse from Stedham.

6. Defendant **Hebner Custom Trucks Inc** (the "Corporation") is an Alabama domestic business corporation, Entity ID **001-124-349** (also reflected as 001124349), formed on or about **March 4, 2024**, with its principal office and registered office at 7760 Highland Avenue, Mobile, Alabama 36608. Its registered agent is Brandon L. Hebner. The Corporation is a citizen of **Alabama**. Upon information and belief, Hebner is its CEO and controlling person.

7. Defendant **Hebner Driven Performance, LLC** ("Driven Performance") is an Alabama domestic limited liability company, Entity ID **001-112-918** (also reflected as 001112918), formed on or about **December 21, 2023**. Its registered agent is Brandon Hebner. Its registered office address is 8215 Silver Pine Road, Semmes, Alabama 36575. Upon information and belief, Driven Performance also uses or is associated with business operations connected to 7760 Highland Avenue, Mobile, Alabama 36608—the same address used by the Corporation and by related Hebner enterprises.

8.      For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company is the citizenship of each of its members. Upon information and belief, Hebner is a member and the controlling member of Driven Performance, and no member of Driven Performance is a citizen of Florida. Plaintiff will amend to identify all members and their citizenships upon confirmation through discovery or public filings. Driven Performance is not a citizen of Florida on the facts presently known.

9.      Upon information and belief, Hebner also formed or controls related Alabama entities used in connection with diesel and performance businesses, including **Hebner Driven Machine, Inc** (Entity ID 001-043-351 / 001043351, formed on or about October 6, 2022, principal address 7760 Highland Avenue, Mobile, Alabama 36608) and **Hebner Diesel Performance, Inc** (Entity ID 000-402-389 / 000402389, formed on or about August 30, 2017, formerly known as Hurricane Diesel Corp. and earlier as Hebner Logistics Corporation). Those entities are not named as defendants in this Complaint. Plaintiff reserves the right to amend to join them if discovery shows they received Partnership capital or hold assets subject to accounting or constructive trust.

10.     Where context permits, Hebner, the Corporation, and Driven Performance are referred to collectively as "Defendants." Upon information and belief, Hebner dominated and controlled the Corporation and Driven Performance, used them to receive and hold capital associated with the partnership enterprise, and the entities are his instrumentalities with respect to the funds at issue such that their separate formal existence should not prevent recovery of Partnership capital or imposition of appropriate equitable relief.

### III.  JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction under **28 U.S.C. § 1332(a)(1)** because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Stedham is a citizen of Florida. Hebner is a citizen of Mississippi or Alabama, but not Florida. The Corporation is a citizen of Alabama. Upon information and belief, Driven Performance's members are not citizens of Florida, so Driven Performance is not a citizen of Florida.

12.     The amount in controversy exceeds $75,000 because Stedham's capital contributions total **$325,000.00** and he seeks recovery of that sum, the value of his partnership interest, interest, and related relief.

13.     The Court has personal jurisdiction over the Corporation and Driven Performance as Alabama entities with registered offices in Alabama. The Court has personal jurisdiction over Hebner because he purposely directed activities at Alabama, including by presenting a Partnership Agreement executed at Mobile, Alabama under the Alabama Partnership Act, forming Alabama entities including the Corporation and Driven Performance, serving as registered agent, and using Alabama addresses in connection with the capital transfers and business operations at issue.

14.     Venue is proper in this District and the Mobile Division under 28 U.S.C. § 1391(b)(1) and (b)(2) because one or more Defendants reside here and a substantial part of the events giving rise to the claims occurred here, including execution of the Partnership Agreement at Mobile, formation of the Corporation with a Mobile principal office, and use of Mobile-area Alabama addresses in connection with the capital transfers and related entities.

15.     Alabama substantive law governs. The Partnership Agreement forms a general partnership under the Alabama Partnership Act (Ala. Code Title 10A, Chapter 8A). The Partnership Agreement contains no arbitration clause, no forum-selection clause, and no contractual limitations-shortening clause.

## IV.  FACTUAL ALLEGATIONS

### A.  The Partnership Agreement

16.     In early 2024, Stedham and Hebner agreed to form a general partnership to operate a custom-truck business under the name Hebner Custom Trucks (the "Partnership"), as 50/50 co-owners with equal management rights, in exchange for Stedham's capital contribution.

17.     The parties prepared a written Partnership Agreement effective **February 27, 2024** (the "Partnership Agreement"), forming a general partnership under the Alabama Partnership Act. A true and correct copy is attached as **Exhibit A** (Social Security numbers redacted) and incorporated by reference.

18.    The Partnership Agreement provides, among other things, that: (a) the business would be conducted as Hebner Custom Trucks; (b) the principal place of business would be 18177 US 98, Lucedale, Mississippi 39452, with additional places permitted; (c) each partner's interest in profits, losses, and partnership property would be the percentage on Exhibit "A"; (d) Partnership funds would be deposited in the Partnership's name and used for Partnership purposes; (e) the partners would have equal rights in management; and (f) a partner would not possess Partnership property for other than a Partnership purpose.

19.    Exhibit "A" lists Brandon Hebner (Lucedale, Mississippi) at **50%** and Adam Henry Stedham (Trinity, Florida) at **50%**. The Partnership Agreement states it was "[e]xecuted at Mobile, Alabama."

20.    On **March 1, 2024**, Hebner sent Stedham a letter on Hebner Custom Trucks letterhead stating he had "adjusted and made the needed correction to the partnership agreement so that it may be true and accurate" and asking Stedham to accept the updated version. A true and correct copy is attached as **Exhibit B** and incorporated by reference.

21.    A short-form partnership document likewise states that the parties agree to become partners and to share profits and losses equally. A true and correct copy is attached as **Exhibit C** and incorporated by reference.

22.    Whether or not every signature block on every draft was completed, the parties associated as co-owners of a business for profit, Hebner presented the written Partnership Agreement as the operative instrument, and Stedham performed by contributing $325,000. A partnership was formed under Alabama law. See Ala. Code § 10A-8A-2.01 et seq. In the alternative, the parties formed a joint venture or enforceable contract for a 50% interest in exchange for Stedham's capital.

23.    Stedham's $325,000 was a capital contribution for equity. It was not a gift. Any bank wire "purpose" field such as "Operating Expense" was a banking-form entry associated with processing the transfer; it did not amend the parties' agreement or recharacterize the capital contribution.

## B.  Hebner's Pre-Existing and Related Entities

24.    Before and during the partnership discussions, Hebner controlled or participated in related Alabama businesses in the diesel and performance space. Upon information and belief, those businesses include Hebner Diesel Performance, Inc (formed August 30, 2017; registered agent

Elizabeth A. Hebner) and Hebner Driven Machine, Inc (formed October 6, 2022; registered agent Brandon Hebner; principal address 7760 Highland Avenue, Mobile, Alabama 36608).

25.     On or about **December 21, 2023**—before the February 27, 2024 Partnership Agreement effective date and before Stedham's capital wires—Hebner caused the formation of **Hebner Driven Performance, LLC** as an Alabama limited liability company, with Brandon Hebner as registered agent and registered office at 8215 Silver Pine Road, Semmes, Alabama 36575.

26.     Stedham did not agree that his partnership capital would be contributed to Driven Performance, to Hebner Diesel Performance, Inc, to Hebner Driven Machine, Inc, or to any entity other than the agreed 50/50 Partnership.

### C.  Unauthorized Corporate Filing — Hebner Custom Trucks Inc

27.     On **March 4, 2024**, Hebner caused to be filed with the Alabama Secretary of State a Certificate of Incorporation for **Hebner Custom Trucks Inc**, Entity ID 001-124-349, with principal office and registered agent Brandon L. Hebner at 7760 Highland Avenue, Mobile, Alabama 36608. Hebner signed as CEO. The filing authorizes 100 shares and does not reflect paid-in capital corresponding to Stedham's contributions. A true and correct copy of the filing materials is attached as **Exhibit D** and incorporated by reference.

28.     The filing lists Adam H. Stedham as an incorporator. Stedham did not authorize that listing, did not sign the Certificate, and did not consent to forming a corporation in place of the agreed general partnership.

29.     Stedham was not aware the company was formed until just before filing this lawsuit.

### D.  Capital Contributions — $325,000

30.     On **March 5, 2024**, Stedham wired **$75,000.00** from his Morgan Stanley / E*TRADE account to final payee "**Hebner Custom Truck**," receiving institution PNC Bank, National Association, Federal wire reference number **20240305E6B7011C000057**. He also incurred a $25.00 wire fee. A confirmation letter and account record are attached as **Exhibits E and F** and incorporated by reference.

31.     On **May 2, 2024**, Stedham authorized a Wells Fargo Advisors wire of **$250,000.00** to recipient "**Hebner Driven Performance**," receiving bank Century Bank (Mississippi), recipient

address 7760 Highland Avenue, Mobile, Alabama 36608. A true and correct copy of the wire request is attached as **Exhibit G** and incorporated by reference.

32.     On **May 3, 2024**, the $250,000 wire was completed (confirmation number **523249683**; Wells message number **240503127364**; status COMPLETE). A true and correct copy of the wire detail report is attached as **Exhibit H** and incorporated by reference.

33.     Upon information and belief, the payee "Hebner Driven Performance" on the May 2024 wire refers to Defendant Hebner Driven Performance, LLC, the Alabama limited liability company formed on December 21, 2023, and/or to accounts controlled by Hebner under that name.

34.     Stedham's total capital contribution is **$325,000.00**. Neither wire was deposited into an account titled in the Partnership name under equal partner control. The $250,000 wire was not titled to the Corporation; it was titled to "Hebner Driven Performance."

35.     Upon information and belief, Hebner controlled the payee accounts and received the benefit of the $325,000, including through Driven Performance and related enterprises.

### E.  Failure to Account and Exclusion

36.     After receiving the capital, Hebner ceased meaningful communication with Stedham, failed to provide a full accounting of the funds or of the business, excluded Stedham from management and information consistent with a 50% interest, and failed to deliver or recognize the 50% ownership interest for which Stedham paid.

37.     Stedham has received neither return of his capital nor distributions reflecting a 50% interest.

### F.  Notice of Dissociation

38.     On **May 5, 2026**, Stedham served on Hebner a Notice of Dissociation under Ala. Code § 10A-8A-6.02, demanding a full accounting and a buyout of his 50% interest or dissolution and winding up, and reserving claims including breach of fiduciary duty, conversion, and unjust enrichment. A true and correct copy of the Notice and proof of service is attached as **Exhibit I** and incorporated by reference.

39.     Defendants have not provided the demanded accounting, have not paid a buyout of Stedham's interest, and have not returned the $325,000.

40.     All conditions precedent to this action have been performed, have occurred, or have been excused by Defendants' repudiation and refusal to perform.

## V.  CLAIMS FOR RELIEF

### COUNT I

### Breach of Fiduciary Duty

*(Against All Defendants)*

41.     Stedham realleges and incorporates the foregoing paragraphs as if fully set forth herein.

42.     Under Alabama law, including Ala. Code § 10A-8A-4.11, a partner owes the partnership and the other partners the duties of loyalty and care. The duty of loyalty includes the duty to account to the partnership and hold as trustee for it any property, profit, or benefit derived by the partner in the conduct of the partnership business or from partnership property, including appropriation of a partnership opportunity. Partners also owe obligations of good faith and fair dealing.

43.     Hebner was Stedham's partner (or, in the alternative, joint venturer) and owed Stedham and the Partnership fiduciary duties.

44.     Hebner breached those duties by forming the Corporation without Stedham's consent; listing Stedham as an incorporator without authority; failing to hold Stedham's $325,000 as Partnership property under joint control; directing capital into accounts under non-partnership payee names he controlled, including Driven Performance; excluding Stedham from equal management and information; and failing to account for Partnership property and benefits.

45.     The Corporation and Driven Performance received and retained capital diverted from the Partnership enterprise. They are liable to the extent they hold Partnership property or are instrumentalities of Hebner with respect to those funds.

46.     As a direct and proximate result, Stedham has been damaged in an amount not less than $325,000, plus interest and other compensatory damages to be proven at trial. Stedham is also entitled to an accounting, disgorgement of benefits derived from the capital, and a constructive trust over identifiable funds and proceeds.

## COUNT II

### Breach of Partnership Agreement / Breach of Contract

*(Against Defendant Hebner)*

47.    Stedham realleges and incorporates the foregoing paragraphs as if fully set forth herein.

48.    Stedham and Hebner entered a valid and enforceable Partnership Agreement and/or an oral or partially performed partnership or joint-venture agreement, supported by mutual assent and by Stedham's $325,000 capital contribution.

49.    Material terms included 50/50 ownership of profits, losses, and partnership property; equal management rights; and use of partnership funds for partnership purposes, deposited in the Partnership's name.

50.    Stedham performed by contributing $325,000. Hebner breached by failing to recognize Stedham's 50% interest, failing to maintain capital as Partnership property under the agreed terms, excluding Stedham from management, and failing to account or distribute according to the 50% interest.

51.    As a direct and proximate result, Stedham has suffered damages of not less than $325,000, plus interest and other compensatory damages to be proven at trial.

## COUNT III

### Conversion

*(Against All Defendants)*

52.    Stedham realleges and incorporates the foregoing paragraphs as if fully set forth herein.

53.    Stedham owned or had the right to possess the specifically identifiable funds totaling $325,000 that he transferred on March 5, 2024 ($75,000 to "Hebner Custom Truck" via PNC Bank) and May 3, 2024 ($250,000 to "Hebner Driven Performance" via Century Bank) as capital for his 50% interest. Those transfers are identified by date, amount, payee, receiving bank, and wire confirmation references alleged above and shown in the attached exhibits.

54.    Defendants wrongfully exercised dominion over those funds by depositing them into accounts under their control—including, as to the $250,000 transfer, accounts associated with

Driven Performance—and by refusing to return or account for them after demand, including the May 5, 2026 Notice of Dissociation.

55.    As a direct and proximate result, Stedham has been damaged in an amount not less than $325,000, plus the $25.00 wire fee and interest.

## COUNT IV

### Unjust Enrichment

*(Against All Defendants — in the alternative to Count II, to the extent no enforceable contract is found)*

56.    Stedham realleges and incorporates the foregoing paragraphs as if fully set forth herein.

57.    Stedham conferred a benefit of $325,000 on Defendants through the wire transfers alleged above.

58.    Defendants knew of and accepted that benefit.

59.    Retention of the benefit without delivering a 50% ownership interest or returning the capital is inequitable.

60.    Defendants have been unjustly enriched in an amount not less than $325,000 and should restore that amount with interest.

## COUNT V

### Accounting and Statutory Partnership Remedies

*(Alabama Partnership Law — Against All Defendants)*

61.    Stedham realleges and incorporates the foregoing paragraphs as if fully set forth herein.

62.    Under the Alabama Partnership Law, including Ala. Code § 10A-8A-4.11, Stedham is entitled to an accounting of Partnership property, profits, and benefits held by Hebner and of assets held by the Corporation, Driven Performance, and any related entities that are Partnership property or proceeds of Partnership capital.

63.    On May 5, 2026, Stedham dissociated as a partner by express will under Ala. Code § 10A-8A-6.02. Unless the Partnership is wound up, he is entitled to purchase of his transferable interest

at fair value under Ala. Code § 10A-8A-7.01 and related provisions, as against Hebner and the Partnership.

64.     In the alternative, judicial dissolution and winding up are warranted under Ala. Code § 10A-8A-8.01 et seq. because Hebner has engaged in conduct that makes it not reasonably practicable to carry on the Partnership with him, including material breach of the Partnership Agreement and of his duties, exclusion of Stedham, and failure to account for capital.

65.     Stedham is entitled to a court-ordered accounting and to a statutory buyout or dissolution and winding up, together with judgment for all sums found due, including adjustments for misapplied capital. As to the Corporation and Driven Performance, Stedham seeks accounting and recovery to the extent those entities hold Partnership property or capital proceeds.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adam Henry Stedham respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally to the extent permitted by law, as follows:

A. Compensatory damages in an amount not less than $325,000.00, together with the $25.00 wire fee and other compensatory damages to be proven at trial;

B. An order requiring a full accounting of Partnership and related funds, accounts, and assets—including accounts and assets of the Corporation and Driven Performance—and judgment for all sums found due;

C. Imposition of a constructive trust over the $325,000, its proceeds, and identifiable assets acquired therewith;

D. An order for statutory buyout of Stedham's transferable partnership interest at fair value, or, in the alternative, judicial dissolution and winding up of the Partnership, under the Alabama Partnership Law;

E. Prejudgment and post-judgment interest as allowed by law;

F. Costs of this action;

G. Leave to amend to join additional related entities or members, correct citizenship allegations, and conform to the evidence; and

H. Such other relief as the Court deems just and proper.

## VII.  JURY DEMAND

66.    Plaintiff demands a trial by jury on all issues so triable.

## VIII.  EXHIBITS

The following exhibits are incorporated by reference (to be attached at filing):

Exhibit A — Partnership Agreement effective February 27, 2024 (SSNs redacted)

Exhibit B — March 1, 2024 Cover Letter from Brandon Hebner

Exhibit C — Short-form Partnership Agreement of Hebner Custom Trucks

Exhibit D — Alabama Certificate of Incorporation and related SOS materials for Hebner Custom Trucks Inc

Exhibit E — E*TRADE/Morgan Stanley Wire Confirmation ($75,000; March 5, 2024)

Exhibit F — Account record reflecting March 5, 2024 wire

Exhibit G — May 2, 2024 Wells Fargo Advisors Wire Funds Request ($250,000)

Exhibit H — May 3, 2024 Wells Fargo Wire Transfer Detail Report ($250,000)

Exhibit I — May 5, 2026 Notice of Dissociation and proof of service


Respectfully submitted this 31st day of July, 2026.

HUSCH BLACKWELL LLP

/s/ Adam S. Buddenbohn
Adam S. Buddenbohn (Alabama #2816P65O)
736 Georgia Avenue, Suite 300
Chattanooga, TN  37402
Telephone: 423.755.2676
Email: Adam.Buddenbohn@huschblackwell.com

*Counsel for Plaintiff Adam Henry Stedham*